# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

Terrell Lamar Raney
# 1030004

(Enter above the full name of the Plaintiff[s] in this action. Include register or identification number[s].)

- vs -

Sgt Jason Crawford
COI Tim Williford
COI Ben Cosgrove
COI Keith Hayes

(Enter above the full name of ALL Defendant[s] in this action. Fed. R. Civ. P. 10(a) requires that the caption of the complaint include the names of all the parties. Merely listing one party and "et al." is insufficient. Please attach additional sheets if necessary.)

Case No. ______________

Bench Trial Requested

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

I. PLACE OF PRESENT CONFINEMENT OF PLAINTIFF(S):

Potosi Correctional Center

II. PREVIOUS CIVIL ACTIONS:

A. Have you begun other civil actions in state or federal court dealing with the same facts involved in this action, or otherwise relating to your confinement?

YES [X] NO [ ]

**B. If your answer to "A" is YES, describe the action in the space below. (If there is more than one civil action, you must describe the additional lawsuit[s] on another piece of paper, using the same format as is outlined below.) Your failure to comply with this provision will result in summary denial of your complaint.**

1. Parties to previous civil action(s):

   Plaintiff(s): Terrell Lamar Raney #1030004

   Defendant(s): Captain John E Motel

2. Court wherein filed:

   Western District of Missouri

3. Docket number or Case number:

   05-4286-CV-C-NKL

4. Name of Judge to whom case was assigned:

   Nanette K. Laughrey

5. Basic claim made:

   violation of plaintiffs due process rights (14th Amendment)

6. Present disposition (Was the case dismissed? Was it appealed? Is it still pending?): No!

   Summary judgment granted for defendant

7. Date filed: 8·26·05

8. Date of disposition: October 25, 2006

III. **GRIEVANCE PROCEDURES:**

A. Is there a prisoner grievance procedure at the institution wherein you are incarcerated?

   YES [X] NO [ ]

B. Have you presented through this grievance system the facts which are at issue in this complaint?

YES [X] NO [ ]

C. If your answer to "B" is YES, indicate:

1. What steps did you take?

filed grievances on all four defendants grievances denied (see attached copies)

D. If your answer to "B" is NO, explain why you have not used the institutional grievance system:

______________________________

______________________________

E. If there is no prisoner grievance procedure at the institution wherein you are incarcerated, have you complained to prison authorities?

YES [ ] NO [ ]

F. If your answer to "E" is YES, indicate:

1. What steps did you take?

______________________________

______________________________; and

2. What was the result?

______________________________

______________________________

______________________________

______________________________

______________________________

POTOSI CORRECTIONAL CENTER
APPEAL RESPONSE

**TO:** Raney, Terrell #1030004

**VS:** **PCC**

**LOG#:** **PCC-06-1097**

**CATEGORY:** 7 – Use of Force (Excessive Use of Force)

**DATE:** May 2, 2007

I have received and reviewed your grievance appeal of 2/20/07 regarding your allegations that Sgt. Jason Crawford #15873 maliciously beat you on 10/02/06, and COI K. Hayes violated your 8th Amendment right when he failed to intercede on your behalf. You claim that when duty arises and the officer has reasonable opportunity, he/she is to intercede, however you contend that COI Hayes acted under color of state law in both his official and individual capacities.

I have thoroughly reviewed your complaint and relative documentation. Be advised that there is indication that COI K. Hayes secured your legs with his hands after Sgt. Crawford placed you on the floor on 10/02/06 after you became belligerent, yelling and screaming and attempted to head butt Sgt. Crawford during an escort to your assigned cell. I could find no evidence or indication that COI Hayes violated your 8th Amendment right or that his actions in assisting COII Crawford on 10/02/06 were inappropriate. It should be noted that the incident was investigated by the Eastern Region Investigations Office and no evidence was found to support your allegations that COII Crawford assaulted you or used excessive force during the use of force on 10/02/06 nor is there any indication that you made the above noted allegations against COI Hayes during the investigation when you were interviewed by Investigator II Nolte on 12/05/06. My response to your grievance appeal **#PCC-06-978 (dated 5/02/07)** addresses your allegations that Sgt. Crawford used excessive force on you on 10/02/06.

Appeal denied.

**DATE RECEIVED: 3/01/07**

**DATE REVIEWED: 5/02/07**

INMATE COPY

Thomas Clements
Assistant Division Director
Division of Adult Institutions

TC/rw

POTOSI CORRECTIONAL CENTER
APPEAL RESPONSE

**TO:** Raney, Terrell #1030004

**VS:** **PCC**

**LOG#:** **PCC-06-1052**

**CATEGORY:** 7 – Use of Force (Excessive Use of Force)

**DATE:** May 2, 2007

I have received and reviewed your grievance appeal of 2/06/07 regarding your allegations that Sgt. Jason Crawford #15873 maliciously beat you on 10/02/06, and COI Tim Williford #53103 violated your 8th Amendment right when he failed to intercede on your behalf. You also claim that COI Williford participated in the final stages of the (alleged) assault by yanking you to your feet by your wrist restraints and used you as a battering ram to physically open HU #2's swinging door on your way to Medical with Sgt. Crawford.

I have thoroughly reviewed your complaint and relative documentation. Be advised that COI Williford has refuted your allegations, and has indicated that he did not witness the start of the use of force and such was over by the time he arrived to assist COII Crawford in escorting you to Medical for examination. I could find no evidence or indication that COI Williford violated your 8th Amendment right or that his actions in assisting COII Crawford in escorting you to Medical on 10/02/06 were inappropriate. It should be noted that the incident was investigated by the Eastern Region Investigations Office and no evidence was found to support your allegations that COII Crawford assaulted you or used excessive force during the use of force on 10/02/06 nor is there any indication that you made such allegations about COI Williford during the investigation when you were interviewed by Investigator II Nolte on 12/05/06. My response dated 5/02/07 to your grievance appeal **#PCC-06-978** also addresses your allegations that Sgt. Crawford used excessive force on you on 10/02/06.

Appeal denied.

**DATE RECEIVED: 2/16/07**

**DATE REVIEWED: 5/02/07**

INMATE COPY

Thomas Clements

Assistant Division Director
Division of Adult Institutions

TC/rw

POTOSI CORRECTIONAL CENTER
APPEAL RESPONSE

**TO:** Raney, Terrell #1030004

**VS:** **PCC**

**LOG#:** **PCC-06-1080**

**CATEGORY:** 7 – Use of Force (Excessive Use of Force)

**DATE:** May 2, 2007

I have received and reviewed your grievance appeal of 2/06/07 regarding your allegations that Sgt. Jason Crawford #15873 maliciously beat you on 10/02/06, and COI Cosgrove violated your 8th Amendment right when he failed to intercede on your behalf. You claim that when duty arises and the officer has reasonable opportunity, he/she is to intercede.

I have thoroughly reviewed your complaint and relative documentation. Be advised that there is indication that COI Cosgrove was assisting with moving you to cell #A210 on 10/02/06 and was placing wrist restraints on the offender who was occupying the cell when he heard a commotion behind him. When he turned around, he observed COII Crawford placing you on the floor after you became belligerent, yelling and screaming and attempted to head butt Sgt. Crawford during the escort to cell #A210. I could find no evidence or indication that COI Cosgrove violated your 8th Amendment right or that his actions were inappropriate on 10/02/06. It should be noted that the incident was investigated by the Eastern Region Investigations Office and no evidence was found to support your allegations that COII Crawford assaulted you or used excessive force during the use of force on 10/02/06 nor is there any indication that you made the above noted allegations against COI Cosgrove during the investigation when you were interviewed by Investigator II Nolte on 12/05/06. My response to your grievance appeal **#PCC-06-978 (dated 5/02/07)** addresses your allegations that Sgt. Crawford used excessive force on you on 10/02/06.

Appeal denied.

**DATE RECEIVED: 2/16/07**

**DATE REVIEWED: 5/02/07**

Thomas Clements

INMATE COPY

Assistant Division Director
Division of Adult Institutions

TC/rw

POTOSI CORRECTIONAL CENTER
APPEAL RESPONSE

**TO:** Raney, Terrell #1030004

**VS:** **PCC**

**LOG#:** **PCC-06-978**

**CATEGORY:** 7 – Use of Force (Excessive Use of Force)

**DATE:** May 2, 2007

I have received and reviewed your grievance appeal of 1/24/07 in which you allege that COII Crawford used excessive force against you on 10/02/06. You claim that during an escort to cell #2A-10, COII Crawford began squeezing your arm, verbally antagonizing you, grabbed your arm and pulled you sideways when you attempted to stop, slammed you to the floor on your right side of your face, dropped his knee down on your neck, kicked you in the forehead, and then stated that he was going to teach you to respect White authority. COII Crawford then yanked you to your feet by your wrist restraints, pushed you to Medical, and when later escorting you to cell #1A-3 told you that "this wasn't over". You claim that you fear for your life at PCC, and request $5,000.00 in compensation, transfer to anther custody level 5 institution, and COII Crawford fired or demoted.

I have thoroughly reviewed your complaint and relative documentation. Be advised that this matter was investigated by the Eastern Region Investigations Office. The findings revealed that no evidence was found to support your allegations that COII Crawford assaulted you or used excessive force during a use of force that occurred on 10/02/06. Records reveal that you were issued a conduct violation for Rule #2.1 - Assault (attempt) by COII Crawford on 10/02/06. The information contained in the body of the violation reveals that you became non-compliant and belligerent while your cellmate was being restrained. You were ordered to face the wall, however you refused, made a disrespectful statement to COII Crawford, and then attempted to head butt him. Such resulted in a use of force being employed on you by placing you on the floor to get control of you. The use of force report was reviewed by supervisory staff, who determined that "the force employed was that minimally necessary to control the incident and maintain good order and security of the institution". Be advised that per policy D5-3.2 – Offender Grievance, III. J., 2, c. "Consequential or punitive damages will not be provided." Your requests for remedy are denied.

Appeal denied.

**DATE RECEIVED: 1/31/07**

**DATE REVIEWED: 5/02/07**

Tom Clements

Assistant Division Director
Division of Adult Institutions

TC/rw

INMATE CO

IV. **PARTIES TO THIS CIVIL ACTION:**

In item A, below place your name in the first blank, place your present address in the second blank and place your identification number or register number in the third blank. Do the same for any additional plaintiff(s) under Item C, below:

A. Name of Plaintiff: Terrell Lamar Raney #1030004

Plaintiff's address: Potosi Correctional Center ~~11593 State Hwy O~~

Identification number: Mineral Point, MO 63660

In item B, below, place the full name of the defendant in the first blank, his official position in the second, and his place of employment and address in the third blank. Use Item C for the names, the official positions, and the places of employment and addresses of any additional defendant(s).

B. Defendant Jason Crawford is employed as Sergeant at Potosi Correctional Center.

C. Additional plaintiff(s) and address(es):

Additional defendant(s) and address(es):

COI Tim Williford, corrections officer at Potosi Correctional Center

COI Benjamin Cosgrove, corrections officer at Potosi Correctional Center

COI Keith Hayes, corrections officer at Potosi Correctional Center

Sindel, Sindel & Noble, P.C.

ATTORNEYS & COUNSELORS AT LAW
8008 CARONDELET - SUITE 301
CLAYTON, MISSOURI 63105

(314) 721-6040
FAX (314) 721-6545
sindel@sindellaw.com
www.sindellaw.com

RICHARD H. SINDEL
CHARLES D. SINDEL
TRAVIS L. NOBLE, JR.

STEPHANIE HOWLETT
KYLE E. WALSH
SARAH JANE FORMAN

WILLIAM F. SINDEL
1933-1991
TEBBS P. FORGEY, JR.
1936-1987

RICHARD H. SINDEL
(314) 799-7045
rsindel@sindellaw.com

April 9, 2007

Terrell Raney #1030004 2B 23
Potosi Correctional Center
11593 State Hwy. O
Mineral Point, MO 63660

Re: Civil Rights Action

Dear Mr. Raney:

I have received your correspondence dated April 2, 2007.

Unfortunately, because of the press of business at the present time I am unable to assist you in filing a Civil Rights Action against the prison or correctional officers for allegations involving use of excessive force.

You may wish to contact Steve Ryals, 8008 Carondelet, Clayton, Missouri 63105 as he may be interested in pursuing this litigation.

Very truly yours,

Richard H. Sindel

RHS/ta

V. **COUNSEL:**

A. Do you have an attorney to represent you in the present civil action?

YES [ ] NO [X]

B. If your answer to "A" is NO, have you made any effort to contact a private attorney to represent you in this matter?

YES [X] NO [ ]

C. If your answer to "B" is YES, state the name(s) and the address(es) of the attorney(s) you have contacted and explain the results of those efforts:

Richard Sindel, 8008 Carondelet Clayton, MO 63105 (please see attached letter)

D. If your answer to "B" was NO, explain why you have not made such efforts:

______________________________

______________________________

E. Have you previously been represented by counsel in a civil action in this Court?

YES [ ] NO [X]

F. If your answer to "E" is YES, state that attorney's name and address:

______________________________

______________________________

VI. **STATEMENT OF CLAIM:**

State here, as briefly as is possible, that facts of your claim. Describe how each defendant is involved. Include also the names of other persons involved, and dates and places. Do not make any legal arguments; cite no cases or statutes. If you intend to raise two or more related claims, number and set forth each claim in a separate

Statement of Claim (continued from page 6)

VI. Sgt Jason Crawford's role in the incident

On October 2nd, 2006, COI Cosgrove, COI Hayes and COI Williford came to cell 2B-29 where I was housed, to move me to cell 2A-1. When I got to cell 2A-1 I notified the above guards that I couldn't live in A cell with inmate Larry McGee and I declared him as an enemy. I was then escorted to the 2A side sallyport bench where I was ridiculed by COI Tim Williford 53103 Approximately 15 minutes later COII Curtis 17604 and COII Jason Crawford 15873 entered the housing unit. After briefly speaking with caseworker Joe Arcand, they entered the 2A side sallyport. Both sergeants Curtis and Crawford asked me several questions such as: how much time I had, what facility I came from and if it was someone I wanted to double cell with." I told them no, and that I wasn't gay and wouldn't pick A man to live around 24 hours A day." Sgt. Crawford 15873 was clearly upset saying "were not gonna re arrange the entire housing unit for A scared little bitch." He then stated to COII Curtis that "we'll put him in 2A-10 cell with another bitch." He was referring to offender Mitchell, A middle age, openly homosexual inmate who's been doing prison time for 25 years. I protested that I wasn't compatible with Mitchell! Sgt. Crawford said if I remain on the

bench, I would receive nothing. No food or bathroom break. I complied to accept A cellmate. While escorting me to cell 2A-10 Sgt. Jason Crawford 15873 begin squeezing my arm and verbally antagonizing me. As I attempted to stop, he grabbed my arm pulling me sideways. He then slammed me to the floor on the right side of my face. He dropped his knee down on my neck got up and kicked me in the fore head all while saying he was gonna teach me to respect white authority, like he did Eric Carvin's black ass. He yanked me to my feet along with COI Tim Williford by my wrists restraints. I was then pushed to medical by Sgt. Jason Crawford and COI Tim Williford 53103 being used physically to open up the 2 house swinging front door. Once I arrived to medical I was seen by an unknown nurse. The only thing she did was put A strip of tape on the gash over my right eye brow. She wiped the bruises down that were on my right cheek and elbow. She did nothing for my busted lip or dislocated and bruised shoulder. The entire time I went through this ordeal no video camera was present as prison policy (SOP21-1.2) stipulates to record my acceptance or refusal to double man cell. No pictures were taken of my injuries and I had on leg

irons and wrists restraints. I was later escorted to cell 1A 3 where Sgt. J. Crawford 15873, told me this wasn't over!

COI Tim Williford's role in the incident

On October 2nd 2006 officer Tim Williford was present while excessive force was being used against me. He also participated in the final stages of the incident by helping to yank me to my feet by my wrists restraints and using me as A battering ram to physically open the 2 house swinging door on my way to medical, along with Sgt. Jason Crawford.

COI Ben Cosgrove's role in the incident

On October 2nd 2006 officer Ben Cosgrove was present while excessive force was being used against me. Yet he stood by and did nothing to prevent or stop the situation.

COI Keith Hayes role in the incident

On October 2nd 2006 officer Keith Hayes was present while excessive force was being used against me. Yet did nothing to stop the situation.

paragraph. **Avoid using more space than is provided. The Court strongly disapproves of the stating of claims outside the provided space.** Unrelated claims must be made in a separate complaint.

VI. **STATEMENT OF CLAIM (continued)**

please see attached pages

# LEGAL THEORY

Gratuitously allowing or subjecting A prisoner's constitutional rights to be violated serves no legitimate penological objective anymore than it squares with evolving standards of decency. I am A pro se litigant with only basic knowledge of law and rules governing the court. At all times Sgt. Jason Crawford acted in his official and individual capacities under color of state law and was fully aware that the behavior he displayed on 10·2·06 would violate RSMo. 217.405 but also my 8th Amendment right to be free from cruel and unusual punishment. At all times COI Tim Williford acted in his official and individual capacities under color of state law and was fully aware the behavior he displayed on 10·2·06 would violate RSMo. 217.405 and my 8th Amendment right. A prison official may be liable for failure to protect an inmate from A use of excessive force if he is deliberately indifferent to A substantial risk of serious harm to an inmate. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994); Buckner v. Hollins, 983 F.2d 119, 122 (8th Cir. 1993) (quoting Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 291-92, 50 L. Ed. 2d 251 (1976) See Gaut v. Sunn, 810 F.2d 923 (9th Cir. 1987) (allegations that inmate was beaten while handcuffed stated

A claim under section 1983) At all times COI Ben Cosgrove acted in his official and individual capacities under color of state law and was fully aware his behavior would violate both RSMo. 217.405 and my 8th Amendment right. Duty arises if officer has reasonable opportunity to intercede but fails to intervene. in Grillo v. Sielaff, 414 F. Supp 272, 275 (N.D. Ill. 1976), the court held that allegations that an inmate was "punched, kicked, hit with A cloth-wrapped object and "slammed" into A steel door "as A battering ram," during which time he was wearing A restraining belt, exemplifies the type of unjustified beating that is cognizable under section 1983"

At all times COI Keith Hayes acted in his official and individual capacities under color of state law and was fully aware that his behavior would violate both RSMo. 217.405 and my 8th Amendment right to be free from cruel and unusual punishment.

Courts have held that the use of excessive and unreasonable force against A prisoner who is restrained and secured constitutes cruel and unusual punishment.

VII. **RELIEF:**

**State briefly and exactly what you want the Court to do for you. Make no legal arguments; cite no cases or statutes. (Note: If you are a state prisoner and seek from this Court relief which affects the length or duration of your imprisonment e.g., restoration of good time forfeited, expungement of records, parole release decisions, et cetera - your case must be filed on a §2254 form.)**

I request an immediate animosity concern transfer. I request all involving staff are fired or demoted and I request A permanent injunction barring myself from any future confinement at the Potosi Correctional Center

VIII. **MONEY DAMAGES:**

A. Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES [X] NO [ ]

B. If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

I request $5000.00 dollars from Sgt. Crawford for permanent injuries and scars I sustained. I request $1000.00 dollars each from all other defendants for failure to intervene and protect.

XI. Do you maintain that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [ ] NO [X]

I declare under penalty of perjury that the foregoing is true and correct. Signed this 4th day of June, 2007.

Terrell Lamar Raney

6-4-07
Date

Signature of Plaintiff(s)