UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TERRELL RANEY,                    )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )          Case No. 4:07CV1150 CDP
                                 )
JASON CRAWFORD, et al.,          )
                                 )
          Defendants.            )

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for a preliminary injunction

against defendants.  Plaintiff, an inmate at Missouri's Potosi Correctional Center,

brings this pro se § 1983 action against defendants for excessive use of force.

Plaintiff seeks a preliminary injunction[1] against defendants, alleging that they

subjected him to retaliatory conduct violations, excessive uses of force,

interference with legal mail and personal effects, and other violations of his rights.

Plaintiff asks the Court to prohibit defendants, and "other persons acting in

concert with them," from using excessive force against him, coming into his

---

[1]Plaintiff filed a document entitled "Memorandum of Law" [#23] in support of his motion
for a preliminary injunction which includes a proposed "Order to Show Cause for a Temporary
Restraining Order."  To the extent this document can be construed as a motion for a temporary
restraining order, it is evaluated under the same Dataphase factors that are applicable to motions
for preliminary injunctions, and it is denied for the same reasons stated above.

housing unit, searching his legal material, having any contact with his food or drink, seizing his allowable property, or placing him on limited property status or in suicide cells.

Plaintiff complains that: a third party refused to effect service of summons on defendants; he was moved to another cell with disturbed inmates as a "retaliatory tactic;" defendants have been telling inmates to "do things" to his food tray; third parties are interfering with his legal mail; third parties used excessive force against him and sprayed him with pepper spray; he has been issued retaliatory conduct violations (by defendants and third parties); he is being denied eyeglasses by a third party "out of pure evil;" and, he is "subject to constant harassment, unnecessary cell searches, issuance of false conduct violations, and other PCC staff using excessive force against [him] for bogus reasons." Plaintiff's motion will be denied.

Under Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir.1981), the Eighth Circuit Court of Appeals set out the factors for determining if a preliminary injunction should be issued. Id. at 113. These factors are "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."

Id.  The burden of proving that the relief should be awarded rests entirely on the movant.  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

As the Supreme Court recognized in Procunier v. Martinez, 416 U.S. 396 (1974), "[t]raditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration."  Id. at 404.  These problems are "complex and intractable, . . . they are not readily susceptible of resolution by [judicial] decree. Most [prisons] require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government."  Id. at 405.  However, the Court is also mindful that it has a responsibility to scrutinize claims of cruel and unusual confinement and to protect constitutional rights.  Id. at 405-06.

Plaintiff's conclusory motion will be denied because it is unlikely that he will succeed on the merits.  Most of plaintiff's complaints relate to third parties who are not defendants in this case.  As for the few allegations that are directed at the defendants, they are vague, unsubstantiated, and do not entitle plaintiff to immediate, extraordinary relief.  At best, these allegations (if proven) may support an award of damages.  However, they fall woefully short of demonstrating the kind of irreparable harm that preliminary injunctive relief is designed to prevent.  Morever, the Supreme Court has stated, "It is difficult to imagine an activity in

which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973). States have an important interest "in not being bypassed in the correction of those problems." Id. at 492. Plaintiff's request for injunctive relief is really an attempt to circumvent the prison's internal operating and grievance procedures. However, I cannot substitute my judgment for the State's about matters involving prison administration. Because plaintiff has not submitted any evidence or put forward any allegations demonstrating that he is entitled to injunctive relief against the defendants, the motion for preliminary injunction will be denied.

Defendants also move to dismiss plaintiff's claims for failure to timely exhaust his administrative remedies. Defendants contend that plaintiff failed to file internal resolution requests (IRR) within fifteen days as required by the grievance policy. 42 U.S.C. § 1997e(a) requires a prisoner to fully exhaust prison grievance procedures before filing suit. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Woodfood v. Ngo, 126 S. Ct. 2378, 2382-83 (2006). In addition, prisoners must "complete the administrative review process in accordance with the applicable procedural rules -- rules that are defined not by the

PLRA, but by the prison grievance process itself." Jones v. Bock, 127 S. Ct. 910, 922 (2007) (quoting Woodford, 126 S. Ct. at 2378)). Exhaustion is an affirmative defense which must be proved by defendants. Jones, 127 S. Ct. at 921; Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). Where a prisoner has been prevented from exhausting his administrative remedies by prison officials, his failure to exhaust does not act as a bar under § 1997e(a) because those administrative remedies were not available to him. Lenz v. Wade, 490 F.3d 991, 993 n.2 (8th Cir. 2007); Lyon v. Krol, 305 F.3d 806, 808-09 (8th Cir. 2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

In opposition to the motion to dismiss, plaintiff contends that he was prevented from filing his grievances within fifteen days because he was not allowed to file more than one IRR per week and was placed on "limited property status" for two weeks following the excessive force incident. Plaintiff's claims of excessive force were investigated internally by the correctional facility after a guard initially supported plaintiff's version of events. Defendants have not filed a reply brief in support of their motion to dismiss. Based on the foregoing, I conclude that plaintiff's complaint cannot be dismissed for failure to exhaust administrative remedies. Although I may ultimately decide that defendants are

entitled to judgment as a matter of law on this issue, dismissal is not appropriate at this time.

To the extent that plaintiff seeks damages from defendants in their official capacities, the claims are barred by the Eleventh Amendment and must be dismissed.  See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). The propriety of plaintiff's particular requests for permanent injunctive relief should be addressed by the parties on summary judgment.  A case management order will issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunction [#5] and motion for temporary restraining order [#23] are denied.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [#26] is granted **only in part, and plaintiff's claims for damages against defendants in their official capacities are dismissed.  In all other respects, defendants' motion to dismiss is denied.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2007.