UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRELL RANEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:07CV1150 CDP |
| JASON CRAWFORD, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendants' motion for partial summary judgment on plaintiff's claims for injunctive relief.[1] In this § 1983 action, Terrell Raney, an inmate, claims that correctional officers violated his eighth amendment rights while he was incarcerated at Potosi Correctional Center (PCC). Raney has now been transferred to Crossroads Correctional Center (CCC). Because Raney is no longer confined at PCC, defendants contend that his claims for injunctive relief are now moot. Raney opposes the motion. Defendants' motion for partial summary judgment will be granted for the reasons that follow.

Standards Governing Summary Judgment

A court may grant a motion for summary judgment only if it finds that all

---

[1] This motion is not contrary to the amended case management order because it concerns facts that occurred after I denied defendants' motion for summary judgment.

the evidence before it demonstrates "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden is on the moving party. Id. The court must view all facts and resolve all ambiguities in favor of the non-moving party. Id. However, the non-moving party must set forth specific facts showing that there is sufficient evidence to allow a jury to return a verdict in that party's favor. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). Under these standards I review the facts in this case.

## Relevant Background Facts

Raney's complaint arises from an incident that occurred during a cell transfer while he was an inmate at PCC. Defendants were employed as correctional officers at PCC during the relevant time period. Raney was transferred out of PCC to South Central Correctional Center on January 22, 2009, and then to CCC on February 2, 2010. Defendant Cosgrove is no longer employed by the Missouri Department of Corrections, and defendants Crawford, Hayes, and Williford are still correctional officers at PCC. In his complaint, Raney requests "an immediate animosity concern transfer" and a permanent injunction barring him from future confinement at PCC.

## Discussion

Raney admits that his request for "an immediate animosity concern transfer" is rendered moot by his transfer out of PCC. However, Raney contends that other injunctive relief, such as his request for an injunction barring his future confinement at PCC, may still be awarded despite his transfer. He is wrong.

Equitable remedies, such as an injunction, are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . . ." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (internal citation omitted). "Injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (internal quotation marks omitted). "In the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison conditions." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks omitted).

When a prisoner has been transferred to a new correctional facility, his

claims for injunctive and declaratory relief are properly denied as moot . See Gladson v. Iowa Department of Corrections, 551 F.3d 825, 835 (8th Cir. 2009); Pratt v. Correctional Corp. of America, 267 Fed. Appx. 482 (8th Cir. 2008); Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999); Sargent, 780 F.2d at 1337.

Raney's claims for injunctive relief are rendered moot by his transfer to CCC. See Walker v. Bowersox, 526 F.3d 1186, 1189 (8th Cir. 2008) (prisoner's request for injunctive relief in § 1983 action for excessive force during a cell transfer was mooted by transfer to another facility). In Smith, 190 F.3d at 855, the Eighth Circuit rejected the argument that the prisoner's case had not been rendered moot by his transfer to another prison facility. Id. The plaintiff in Smith alleged that injunctive relief was not moot because he could be transferred back to the facility where his claims arose. Id. The Eighth Circuit rejected this argument, finding plaintiff's "theory of retransfer to ISP to be too speculative a basis for declaratory relief." Id. The Court also held that "the mere possibility of transfer to another prison within the Iowa correctional system, of which ISP is one, is [not] sufficient to bring [plaintiff's] claim within the narrow exception to the mootness doctrine." Id. The same rationale applies here. That Raney might, at some point in the future, be transferred back to PCC is too speculative a basis upon which to grant injunctive relief. Although Raney argues that he might be subject to

retaliation if he were transferred back to PCC, he has offered no evidence in support of this assertion, nor has he offered any evidence that the purpose of his transfer to CCC was to deprive this Court of jurisdiction over Raney's request for injunctive relief. See id. (court might have jurisdiction over plaintiff's mooted claim under exception to doctrine if plaintiff could demonstrate that transfer to another correctional facility was for the purpose of evading court's jurisdiction). Because Raney's request for injunctive relief has been rendered moot, defendants' motion for partial summary judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial summary judgment [#123] is granted, and plaintiff's claims for injunctive relief are dismissed as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike and that certain matters be deemed admitted [#120] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2010.